**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DOUGLAS LONGHINI, an individual,

and

ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

                                      CASE:

      Plaintiffs,

 v.

WHITMAN ORGANIZATION, LLC,
a Florida Limited Liability Company.


      Defendant.

_____/

### COMPLAINT

      Plaintiffs, and DOUGLAS LONGHINI and ACCESS 4 ALL, INC, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, WHITMAN ORGANIZATION, LLC, a Florida Limited Liability Company, (collectively hereafter "Defendant") and as grounds allege:

### JURISDICTION AND VENUE

1.     The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq.*

4.      Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*.  Plaintiff, DOUGLAS LONGHINI, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.      Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, and is otherwise *sui juris*. Plaintiff, DOUGLAS LONGHINI, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.      Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.      At all times material, Defendant, WHITMAN ORGANIZATION, LLC, a Florida Limited Liability Company, was and is a Florida Limited Liability Company located in Florida and doing business in the State of Florida, owning and operating a hotel in the State of Florida, and deriving substantial revenue from the State.

8.     At all times material, Defendant, WHITMAN ORGANIZATION, LLC, a Florida Limited Liability Company, owned, leased, and/or operated the Commercial Property located at 50 S Ocean Drive, Deerfield Beach, FL 33441 (hereinafter "Commercial Property") operated as "Comfort Inn Oceanside Deerfield Beach".

9.     Venue is properly located in the Southern District of Florida pursuant to 28 U.S.C.A. ? 1391(b) in that all events giving rise to this lawsuit occurred in Deerfield Beach, Florida.

10.    Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Broward County area. The Defendant regularly conduct business within Broward County area, and a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County area.

<u>FACTUAL ALLEGATIONS</u>

11.    Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, suffers from cerebral palsy, a disorder that affects his movement, balance and posture, and has spent most of his life in a wheelchair, and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility. Despite his disability, DOUGLAS LONGHINI, enjoys traveling. Because DOUGLAS LONGHINI requires the use of a wheelchair to ambulate, he has been adversely impacted by the violations of the ADA as set forth herein.

12.    Plaintiff, DOUGLAS LONGHINI, stayed at the commercial property on September 12, 2025. During this time, Plaintiff's residence was undergoing extensive extermination treatment and Plaintiff required temporary lodging.

3

13.     Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq.*

14.     Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A.   Parking

  i.   Comfort Inn Deerfield Beach: Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating § 502.4 of the 2010 ADA Standards for Accessible Design. The access aisle that serves the designated accessible parking space at the Commercial Property contains a slope that is greater than 4% violating § 502.4 of the 2010 ADA Standards for Accessible Design.  The slopes restrict Plaintiffs' mobility within the parking areas.

  ii.   Oceanside Deerfield Beach: Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating § 502.4 of the 2010 ADA Standards for Accessible Design. The designated accessible parking space in the main parking lot at the Comfort Inn Oceanside Deerfield Beach contains a slope that is greater than 3% violating § 502.4 of the 2010 ADA Standards for Accessible Design.  The slopes restrict Plaintiffs' mobility within the parking areas.

  iii.   Comfort Suites Deerfield Beach: Accessible space signage is obstructed by parked cars violating § 502 of the 2010 ADA Standards for Accessible Design. Disabled parking signs in the main parking lot for Comfort Suites Deerfield Beach are too low

4

and obstructed by parked vehicles, violating § 502 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' access to the parking areas.

B.  <u>Primary Function Areas</u>

i.  Accessible surface fails to provide clear floor space and clearances required by § 902.4.1 of the 2010 ADA Standards for Accessible Design. Tables near the pool lack the 17 inch of toe clearance required in § 306 of the 2010 ADA Standards for Accessible Design.

ii.  Water cooler control and towels are set at a height greater than 48 inches above the floor.  Towels and water cooler are  set greater than 48 inches above the floor, violating § 308 of the 2010 ADA Standards for Accessible Design.  The improper height restricts Plaintiffs' access to these amenities.

iii.  Door lacks proper maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.  Plaintiff, DOUGLAS LONGHINI, found it difficult to exit the hotel workout center due to the presence of maneuvering clearance violation. The door lacks the required 18 inches on the pull side required in § 404.2.4 of the 2010 ADA Standards for Accessible Design.

iv.  Signs that provide direction to, or information about interior spaces fail to comply with § 703.5 of the 2010 ADA Standards for Accessible Design. Directional Sign points to inaccessible restrooms, violating § 703.5 of the 2010 ADA Standards for Accessible Design.

v.  Aisles and pathways to goods and services, and to one of each type of sales and service counters are not at least 36 inches wide, in violation of § 403.5.1 of the 2010

ADA Standards for Accessible Design. Pool lift is not located on a clear and level accessible route, violating § 403.5.1 of the 2010 ADA Standards for Accessible Design.

vi.     Bench lacks components required by § 903 of the 2010 ADA Standards for Accessible Design. Fitness room lacks approach and use space for elements, violating § 903 of the 2010 ADA Standards for Accessible Design.

vii.    Tables counter fails to comply with Section § 904 of the 2010 ADA Standards for Accessible Design. Check-in Counter is inaccessible because a writing surface is not provided, violating§ 904 of the 2010 ADA Standards for Accessible Design.

viii.   Serving counter or bar fails to provide accessible spaces required by the 2010 ADA Standards for Accessible Design. Self-serve food is inaccessible and is missing a sign and/or help buzzer, violating § 904.5 of the 2010 ADA Standards for Accessible Design.

ix.     Tables fail to comply with the 2010 ADA Standards for Accessible Design. Breakfast area seating is inaccessible, violating § 902 of the 2010 ADA Standards for Accessible Design.

x.      Pool area shower lacks accessible controls, violating § 213.6 & 608 of the 2010 ADA Standards for Accessible Design.

C.   Toilet Rooms

i.      Sink has less than 17 inches of knee and toe space required § 306.3.3 of the 2010 ADA Standards for Accessible Design. The sink lacks the required knee clearance, as it is mounted lower than 27 inches.

ii.       Pipes under sink are lack insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design.

iii.      Dispensers at Comfort Inn Oceanside are beyond reach, violating § 3.8.2 of the 2010 ADA Standards for Accessible Design.

iv.      Water closet has improper centerline or inadequate clear floor space, violating § 604 2010 ADA Standards for Accessible Design.

v.      Reflecting surface of a mirror over a lavatory or countertop is higher than 40 inches above the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design.

vi.      Rear grab bar is improperly located violating § 604.5.2 of the 2010 ADA Standards for Accessible Design.

vii.      Side grab bar in the Comfort Inn Oceanside is improperly located, violating § 604.5.1 of the 2010 ADA Standards for Accessible Design.

viii.      The flush control is inaccessible to disabled patrons, violating ADAS § 604.6 of the 2010 ADA Standards for Accessible Design.

D.      <u>Hotel Guestrooms</u>

i.      Operable parts of door hardware on guestroom 214 is less than 34 inches or more than 48 inches above the ground surface, in violation of § 404.2.7 of the 2010 ADA Standards for Accessible Design.  The improper hardware height impedes Plaintiffs' access to the guestrooms.

ii.      Door lacks proper maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.

iii. Door lacks proper maneuvering clearance, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.

iv. Bed lacks required space on both sides, no route to microwave or thermostat, violating § 305.7.1 and 806.2.3 of the 2010 ADA Standards for Accessible Design.

v. Controls and/or sockets lack clear floor space for approach and use and/or are located beyond reach. Curtain rods lack handles and are beyond reach, violating § 308 & 309 of the 2010 ADA Standards for Accessible Design.

vi. Storage units are mounted higher than 48 inches, violating § 308 of the 2010 ADA Standards for Accessible Design.

vii. Shower lacks required clear floor space for approach and transfer. Shelf obstructs transfer space. Standard shower stall lacks required clear floor space for approach and use required § 608 of the 2010 ADA Standards for Accessible Design.

viii. Seats are located more than 3 inches from shower boundary, violating 610.3.1 of the 2010 ADA Standards for Accessible Design.

ix. Slope encroaches required maneuvering clearance to exit room 214, violating § 4.13.6 of the ADA Accessibility Guidelines as well as 2010 ADA Standards for Accessible Design § 404.2.4.4

x. Shower compartment controls are improperly located, violating § 608 of the 2010 ADA Standards for Accessible Design. The controls in the roll-in shower of guestroom 214 are improperly mounted above 48 inches, and they are also missing the slider required in § 608 of the 2010 ADA Standards for Accessible Design.

xi. Mirrors are mounted so that their bottom is higher than 40 inches above the floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design.

xii.     Standard shower compartment fails to comply with § 608 of the 2010 ADA

Standards for Accessible Design.

15.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## COUNT I – ADA VIOLATIONS

16.     Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.     The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

18.     The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require

an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19.     Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.     Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

23.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.     Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.     Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.     Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42

11

U.S.C. § 12205.

d.        Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

24.        Plaintiffs incorporate and reallege paragraphs 1 through 15 as though set forth fully herein.

25.        This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

26.        More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)        Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)        Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)        Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is  the only remaining room of that type;

(iv)        Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations

12

systems; and

(v)      Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

27.      Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://www.choicehotels.com/florida/deerfield-beach/comfort-inn-hotels/fl893?mc=llgoxxpx.

28.      The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

29.      Prior to the commencement of this lawsuit, Plaintiff, DOUGLAS LONGHINI, visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

30.      In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, DOUGLAS LONGHINI's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

31.      In the near future, including as set forth above, Plaintiff, DOUGLAS LONGHINI,

intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

32.     Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

33.     The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

34.     Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify their website

to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

35.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

36.     Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its' violations of the ADA.

38.     Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

15

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 31st, 2026                                Respectfully submitted,

By: _____
JOHN A. SALCEDO, ESQ.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorney for Plaintiffs